**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                          v.          09-CR-055A(Sr)

**GLANCE ROSS,**

        **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #11.

## PRELIMINARY STATEMENT

Presently pending before this Court is the defendant's "Renewed Motion for Bond." Dkt. #72. The government filed a response to the instant motion (Dkt. #73), and thereafter, the defendant filed an "Answer to Government's Response to Defendant's Renewed Motion for Bond" (Dkt. #74). By his motion, the defendant is requesting that this Court reverse its prior Order of Detention Pending Trial (Dkt. #6) and order the defendant released on a "reasonable bond." Dkt. #72, p.4. In its response, the government argues that the defendant's motion is not properly before this Court, citing Title 18, United States Code, Section 3145(b) and stating "... Section 3145(b) specifically addresses the judicial review of detention orders and directs

detained defendants to file appeal motions with the 'court having original jurisdiction over the offense,' i.e., the District Court in this case." Dkt. #73, p.3.

The defendant is charged in an Indictment, along with seven other defendants, with violating Title 21, United States Code, Sections 841(a)(1) and 846 and Title 18, United States Code, Sections 1956(a)(1)(B)(I), 1956(h) and 2. Dkt. #1. The defendant also faces a forfeiture allegation pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2). *Id*. Notably, Count 5 (forfeiture allegation) of the Indictment specifically references the forfeiture of the sum of $170,000 in United States currency seized on or about December 11, 2008. *Id*.

The defendant was arrested on or about February 26, 2009 and appeared before this Court to be arraigned that same day. During the arraignment, the defendant advised that he had retained counsel to represent him and by reason of the government's motion to detain the defendant pending trial, a detention hearing was scheduled for March 5, 2009. The detention hearing was held on March 5, 2009 and following the hearing, this Court issued its Order of Detention Pending Trial on March 6, 2009. Dkt. #6. During the detention hearing, the government proceeded by way of proffer and at the outset proffered the Indictment in the instant case, as well as the Criminal Complaints (and the affidavits upon which they were based) in cases 09-MJ-41 and 09-MJ-42. Thereafter, the government relied on the rebuttable presumption in the Bail Reform Act that no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community, where,

as here, the defendant is charged with an offense in violation of the Controlled Substances Act.  *See* Title 18, United States Code, Section 3142(e)(3)(A).  The government further argued that the defendant posed both a flight risk and a danger to the community.

In response to the government's proffer and in an effort to rebut the presumption of detention, the defendant's counsel proposed that the defendant be released on bail with a combination of cash and property to be posted by family members of the defendant.  In addition, defendant's counsel argued that the defendant does not pose a risk of flight and in fact, when the defendant learned of the charges against him he was in a car driving to North Carolina and the defendant immediately contacted his attorney and made arrangements to turn himself in.

Specifically, this Court's March 10, 2009 Order of Detention Pending Trial states in pertinent part,

> I am not impressed with the claim of the government that there is a risk of flight, so my decision is not based on risk of flight.  I have looked at the totality of the circumstances and have applied my own professional experience both as a practicing attorney as well as a sitting judge, in the context of what has been developed, starting with the defendant's own admissions in the Pretrial Services Report that he has not been employed since 2007.  I have also considered the affidavit upon which the Criminal Complaint is based, as well as the finding of the grand jury in the return of the Indictment, and what the government has proffered in the way of not only the safety deposit box containing $170,000 but also the seizure of $215,000 in the vehicle.  That is a lot of money for anybody to have available. Recognizing defendant counsel's advocacy on the issue of no evidence

> presented by the government of any sales between the
> defendant and others, the Indictment and the affidavit upon
> which the Criminal Complaint is based describe the
> defendant Ross as a "kingpin" or a "prime principal."
> Professional experience has demonstrated that the
> "kingpins" or the "prime principals" do not actually go out and
> make the transactions. They run the operations. These are
> circumstances that I must take into account and that I must
> consider. I consider these circumstances in the context of
> the presumption that has been created. When I view the
> circumstances as iterated above and take into account all of
> the detail on the wiretap disclosures made in the affidavit
> supporting the Criminal Complaint, those circumstances
> cause me to conclude that what has been proffered on
> behalf of the defendant does not rise to the level so as to
> cause the presumption created in the Bail Reform Act to be
> rebutted. Therefore, I am granting the government's motion
> and hereby order the defendant detained and remand him to
> the custody of the U.S. Marshals Service.

Dkt. #6, pp.3-4.

Nearly ten months later, the defendant (by his newly retained counsel) filed the instant motion titled "Renewed Motion for Bond." Dkt. #72. In the motion, the defendant quarrels with this Court's statements concerning the $170,000 seized from a safety deposit box and the $215,000 seized from a vehicle. *Id*. at p.2. Specifically, the defendant claims that the safety deposit box neither belonged to nor was registered to the defendant. *Id*. Moreover, the defendant argues that the government did not proffer any evidence to support a conclusion that the defendant was a signatory or ever entered the safety deposit box at any time. *Id*. With respect to the $215,000, the defendant asserts that the seizure of that money from a vehicle owned by a co-defendant "[had] absolutely nothing to do with this defendant." *Id*. Finally, the

defendant disputes this Court's description of the defendant as a "kingpin" or "prime principal." *Id*.

In addition to the foregoing, counsel for the defendant seeks to compare this defendant to co-defendant Eric Marshall and this Court's decision to release co-defendant Marshall after an initial Order of Detention Pending Trial. During oral argument held on defendant Eric Marshall's motion (filed under seal) based on changed circumstances, the government indicated that it did not have an objection to the release of defendant Eric Marshall on conditions. Moreover, it was noted that at the time of his arraignment and the detention hearing, Pretrial Services had in fact recommended that the defendant be released on bail subject to certain conditions. In its "Answer to Government's Response to Defendant's Renewed Motion for Bond," counsel for the defendant again compares this defendant to co-defendant Eric Marshall and disagrees with the government's position that this matter is not properly before this Court. Indeed, counsel for the defendant states, in part,

> [w]hen co-defendant Eric Marshall requested a bail review hearing in absolutely identical circumstances as defendant Glance Ross, the Court granted such a hearing and released him on bond. ... If that procedure were correct for defendant Eric Marshall, it should also be correct for defendant Glance Ross. Defendant Glance Ross asked for the same treatment and equal protection under the law as granted to his co-defendant Eric Marshall.

Dkt. #74, p.2.

Notably, counsel for the defendant overlooks a very significant distinction between the instant motion and the circumstances surrounding the release of co-defendant Eric Marshall, *to wit*, the existence of changed circumstances as presented in the sealed motion filed by counsel for Eric Marshall. Here, the instant motion is devoid of any mention of changed circumstances as required by Title 18, United States Code, Section 3142(f)(2)(B).[1] In the absence of any information not known to the movant at the time of the hearing, this Court does not consider the instant motion to be one for reconsideration based on changed circumstances and further, the government is correct that this matter should be presented as an appeal to the District Judge to whom this case is assigned, United States District Judge Richard J. Arcara. Accordingly, based on the foregoing, the defendant's "Renewed Motion for Bond" is denied.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

---

[1] Title 18, United States Code, 3142(f)(2)(B) provides in pertinent part that a detention "hearing may be reopened, before or after a determination by a judicial officer, at any time, before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
            January 14, 2010


                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**